UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

RICHARD W. MORROW, # 34523                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 3:19-CV-832-DPJ-FKB

DR. ARNOLD, NURSE PRACTITIONER
HOLLINGHEAD, NURSE
PRACTITIONER WHITEHEAD, and EAST
MISSISSIPPI CORRECTIONAL
FACILITY MEDICAL DEPARTMENT                          DEFENDANTS

ORDER OF PARTIAL DISMISSAL

This *pro se* prisoner case is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Richard W. Morrow is incarcerated with the Mississippi Department of Corrections, and he brings this action under 42 U.S.C. § 1983, challenging his conditions of confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants Dr. Arnold, Nurse Practitioner Whitehead, and East Mississippi Correctional Facility Medical Department are dismissed.

I.      Background

Morrow is incarcerated at the East Mississippi Correctional Facility ("EMCF"). Defendants are EMCF's Medical Department and its medical personnel Dr. Arnold, Nurse Practitioner Hollinghead, and Nurse Practitioner Whitehead.

Morrow alleges that his cellmate had scabies. Because of this, on June 4, 2019, Nurse Hollinghead allegedly quarantined both inmates, separately, in the medical department. Morrow objected to his own medical isolation because he had no symptoms. Morrow's cellmate was allegedly released after 24 hours, whereas Morrow claims Hollinghead held him for six days.

Morrow contends there was no medical reason for this; rather, Hollinghead acted out of retaliation for his protests beforehand.

Afterwards, Morrow filed a prison grievance. The grievance was denied, and Morrow appealed. Dr. Arnold denied the appeal of the grievance on September 12, 2019. On November 18, 2019, Morrow brought this action under § 1983 against Dr. Arnold, Nurse Hollinghead, Nurse Whitehead, and the EMCF Medical Department.

II.     Discussion

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Morrow to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

A. Dr. Arnold

First, Morrow claims Dr. Arnold should be held liable because, some three months after the incident, he denied Morrow's administrative grievance. Morrow "does not have a federally protected interest in having th[is] grievance[ ] resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Therefore, the denial of his grievance, without more, does not state a constitutional violation. The claim against Dr. Arnold is dismissed as frivolous and for failure to state a claim.

B. Nurse Whitehead and EMCF Medical Department

Since filing, Morrow moved to dismiss Nurse Whitehead and EMCF Medical Department. Resp. [9] at 3 ("As to the regard of Nurse Practitioner Whitehead, at this time I would like to drop her as a defendant in this case and have her listed as a witness-participant in this case."); Resp. [11] at 1 ("As to the response to the East Mississippi Correctional Facility Medical Department, [a]t this time I would like to drop them as a defendant in this case, other than Nurse Practitioner Hollinghead."). These two Defendants will therefore be dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claim against Defendant Dr. Arnold is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Nurse Whitehead and East Mississippi Correctional Facility Medical Department are **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(a). The remainder of this case—Morrow's claims against Nurse Hollinghead—shall proceed.[1]

---

[1] Morrow claims Nurse Hollinghead kidnapped him and retaliated against him.

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2020.

                                        s/ *Daniel P. Jordan III*
                                        CHIEF UNITED STATES DISTRICT JUDGE